No. 25-5036

# IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

DANIEL A. HORWITZ,

*Plaintiff-Appellant,*

v.

U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, *ET AL.*,

*Defendants-Appellees.*

*On Appeal from the United States District Court for the Middle District of Tennessee, No. 3:24-cv-1180*

## PLAINTIFF-APPELLANT'S MOTION TO EXPEDITE

Jared McClain
Benjamin A. Field
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Ste. 900
Arlington, Virginia 22203
(703)682-9320
jmcclain@ij.org
bfield@ij.org

*Counsel for Plaintiff-Appellant*

Appellant Daniel Horwitz respectfully asks that this Court expedite his appeal, which challenges the constitutionality of the Middle District of Tennessee's trial-publicity rule, Local Rule 83.04(a)(2). That rule—unique amongst courts in this Circuit, if not the nation—says that most attorney speech about pending litigation is presumptively prejudicial to a fair trial and therefore subject to gag orders and punishable by contempt. Along with this motion, Mr. Horwitz is filing a separate motion for a limited injunction pending appeal that would allow him to agree to an interview request with CBS News without having his speech presumed to be unlawful. And because Mr. Horwitz continues to receive similar media requests, he also asks that this Court expedite his appeal to allow him to promptly exercise the same free-speech rights enjoyed by attorneys who practice in other districts.

## Summary of the Appeal

Middle District of Tennessee Local Rule 83.04(a)(2) creates a presumption that anything an attorney says about four broad categories of content related to his cases will materially prejudice his party-opponent, and it requires him to avoid speaking about those subjects unless he affirmatively proves his speech is harmless. A reasonable attorney cannot be sure there's anything he can freely say about his cases. If he discusses the evidence in his case or things that *can't* be admitted as evidence in his case, an opposing party can seek to enforce based on the rule's presumption of prejudice. This mechanism to enforce an overly broad rule is a powerful tool for government-affiliated parties to silence disfavored speech. By merely invoking the rule, without any evidence of

1

prejudice, an opposing party can once again force Mr. Horwitz to prove his speech won't impact proceedings. That threat chills his speech.

The rule's presumption against free speech and unique burden-shifting violate the First Amendment.[1] To satisfy strict scrutiny, the proponent of an order gagging an attorney's extrajudicial speech must put forward real evidence that a comment was substantially likely to materially prejudice proceedings *and* limit relief to the least-restrictive means of avoiding that prejudice. *See Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1075–76 (1991) (substantially-likely-to-materially-prejudice-proceedings test for attorney speech satisfies strict scrutiny because it's "narrowly tailored"); *Edenfield v. Fane*, 507 U.S. 761, 770–71 (1993) (party seeking to censor speech "must demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree"); *see also United States v. Ford*, 830 F.2d 596, 600 (6th Cir. 1987) (movant must have evidence of a "specific, not general" harm). Because Rule 83.04(a)(2) flips that standard, it can never be applied consistently with the First Amendment. *Ashcroft v. ACLU*, 542 U.S. 656, 660 (2004) (the First Amendment "demands" that courts presume speech restrictions are invalid unless the proponent of the censorship prove a restriction is justified).

---

[1] Mr. Horwitz reviewed the local rules of other district courts in the Sixth Circuit and throughout the country, and the Middle District of Tennessee was the only court he found that creates categories of presumptively prohibited speech and that places the burden of proof on the speaker. *See* TRO Br., R.30-1, PageID # 183; Examples of Trial-Publicity Rules, R.30-5.

2

Mr. Horwitz's First Amendment rights are injured irreparably each day that Rule 83.04's unconstitutional features remain in effect. The Middle District of Tennessee has already enforced Rule 83.04(a)(2) against Mr. Horwitz and threatened him with contempt if he violates the rule again. That threat of further enforcement is increased because CoreCivic of Tennessee, the party that successfully used Rule 83.04 to gag Mr. Horwitz once already, has reiterated that it will rely on Rule 83.04 to silence Mr. Horwitz if he publicizes his cases against them. Because Mr. Horwitz has been litigating against CoreCivic in the Middle District of Tennessee perpetually since February 2022 and will be doing so for the foreseeable future, he can never discuss his cases without fear he'll face another enforcement proceeding at which he bears the burden of proof, in violation of his First Amendment rights. That is a concrete constitutional injury. And the record demonstrates that this injury will persist every day that this appeal remains pending—indeed, that it will *recur* as he is forced to decline more media requests for comment on his cases.

Mr. Horwitz has been trying for over two years to obtain relief from Rule 83.04(a)(2) in the Middle District of Tennessee, throughout which CoreCivic has insisted that the rule's plain text requires his silence. After five unsuccessful attempts to obtain a final ruling on his First Amendment challenges within his cases against CoreCivic, in October 2024, Mr. Horwitz took the extraordinary step of suing the Middle District of Tennessee's judges to enjoin them from enforcing their unconstitutional rule against him.

On November 1, Mr. Horwitz sought a preliminary injunction. PI Mot., R.21. While that motion was pending, on December 13, CBS News asked to interview Mr. Horwitz about his cases against CoreCivic. *See* Email from CBS News, R.30-4. Mr. Horwitz tried to confer with the Judicial Defendants about how he could participate in that interview without implicating Rule 83.04(a)(2)'s vague categories of prohibited speech, but the Judicial Defendants said that letting him speak would prejudice CoreCivic. As a result, on December 19, Mr. Horwitz filed a second motion for injunctive relief so that he could participate in the CBS News interview. TRO Mot., R.30. His second motion for injunctive relief sought to expedite review of his first motion and a temporary restraining order in the meantime. *See* TRO Br., R.30-1. Rather than oppose the preliminary injunction itself, the Judicial Defendants opposed only the temporary restraining order on only one of the three grounds Mr. Horwitz raised. *See* TRO Opp. R.33.

After Mr. Horwitz's motions for injunctive relief were fully briefed, however, the court below ruled *sua sponte* that Mr. Horwitz lacked standing to bring this case because he had not pledged to break Rule 83.04 and he has no pending motions to enforce the rule against him. Opinion, R.38, PageID # 298–99. That ruling failed to consider this Court's *McKay* factors and should be reversed. *See McKay v. Federspiel*, 823 F.3d 862, 869 (6th Cir. 2016). Mr. Horwitz's First Amendment rights are currently in jeopardy: (1) the court below has enforced Rule 83.04 against Mr. Horwitz and other attorneys over the past couple years; (2) the court's July 2022 order gagging Mr. Horwitz threatened him with

contempt if he publicized his litigation against CoreCivic again; (3) CoreCivic's ability and willingness to initiate proceedings to enforce the rule against Mr. Horwitz increases the likelihood of enforcement; and (4) rather than disavow the challenged rule, the Judicial Defendants have defended its constitutionality and its past enforcement against Mr. Horwitz. *See id.*; *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 163–64 (2014) (finding "there is every reason to think that similar speech in the future will result in similar proceedings," and that "the threat [wa]s even more substantial" given that the panel had previously found that the plaintiff's speech violated the challenged provision).

Mr. Horwitz's constitutional injury is compounded by the fact that, once CoreCivic moves to enforce, Rule 83.04(a)(2)'s unconstitutional presumptions and burden-shifting will necessarily violate Mr. Horwitz's First Amendment rights, regardless of the ultimate outcome. There is currently no way for Mr. Horwitz to speak freely about his cases—he's suffering a ripe, concrete First Amendment injury. Each day that Rule 83.04(a)(2) remains in force, Mr. Horwitz continues to suffer further irreparable harm to his constitutional rights. That harm is exacerbated because Mr. Horwitz has a pending interview offer with CBS News about his cases against CoreCivic, and he cannot participate given the presumption that his speech will violate the Middle District of Tennessee's local rules. Nothing in the Supreme Court's standing jurisprudence "requires a plaintiff who wishes to challenge the constitutionality of a law to confess that he will in fact violate that law." *SBA List*, 573 U.S. at 163.

Accordingly, Mr. Horwitz respectfully asks that this Court expedite his appeal.

**Legal Standard**

A party in a federal action may expedite a case if the case implicates a constitutional right under the U.S. Constitution:

> Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action . . . if good cause therefor is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit.

28 U.S.C. § 1657(a). Federal Rule of Appellate Procedure 2 recognizes the Court's authority "to expedite its decision" in a case, and this Court's Circuit Rule 27(f) provides that a "party may move to expedite the appeal. The motion must show good cause to expedite."

**There Is Good Cause to Expedite Mr. Horwitz's Appeal**

Good cause exists to expedite this appeal. Mr. Horwitz is currently suffering a concrete, ongoing injury to his First Amendment rights because the Middle District of Tennessee's trial-publicity rule creates a presumption that what he wants to say about his cases against CoreCivic will prejudice proceedings and that rule forces Mr. Horwitz to come forward with evidence proving otherwise. *See* L.R. 83.04(a)(2). That rule violates the First Amendment's demand that the burden be placed on the party seeking to censor speech. *See Ashcroft*, 542 U.S. at 666; *see also* PI Br., R.21-1, PageID # 14–15 (collecting 15 other Supreme

Court cases that also require the party seeking to restrict speech must carry the burden of proof to justify the restriction).

Every day that Mr. Horwitz has to remain silent and turn down interview requests about his cases, he suffers further irreparable injury. *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 408 (6th Cir. 2022) (First Amendment injury, "for even minimal periods of time," is irreparable); *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) (presuming First Amendment injury is irreparable).

Mr. Horwitz has been trying persistently for 30 months to obtain relief in the district court. Mr. Horwitz filed an objection to the *Newby* gag order in July 2022 followed by a third-party motion challenging Rule 83.04 once it became clear *Newby* would settle. *Newby*, No. 22-cv-00093, R.59, R,70. After the court dismissed his motions in *Newby* as moot, Mr. Horwitz began filing affirmative challenges to the rule. He sought relief from Rule 83.04 across four separate cases, including by filing a motion to ascertain when the court left one of his motions unresolved for over six months. *Tardy v. CoreCivic of Tennessee LLC*, No. 22-cv-00681, R.90; *Gordon v. CoreCivic of Tenn., LLC*, No. 23-cv-01195, R.31; *Buchard v. CoreCivic of Tenn., LLC*, No. 23-cv-00455, R.16; *Shaw v. CoreCivic of Tenn., LLC*, No. 24-cv-00681, R.8. Then, he finally filed a lawsuit seeking injunctive relief, a motion for injunctive relief, and a motion for a temporary restraining order in the case below. When he finally obtained an appealable order, the court below decided that he could not bring his First Amendment challenge, in part, because it took him so long to obtain a ruling.

But the delay in obtaining relief was not due to a lack of diligence. Mr. Horwitz has had an affirmative motion for relief from Rule 83.04 pending in at least one case for all but 21 days since May 2023.



Now that the court below has ruled that Mr. Horwitz has no standing to challenge Rule 83.04(a)(2), his need for injunctive relief is more acute than ever. Mr. Horwitz has a pending request to speak with an investigative reporter with a national TV broadcaster about his litigation in the Middle District of Tennessee. He's had to turn down that request, pending injunctive relief in this case, because there's no way for him to meaningfully discuss his cases without touching on the four overly broad categories of content that the court presumes is sanctionable. And because the categories are so vaguely defined, he can never really be sure if what he says is allowed under the rule unless he's quoting directly from a public

court filing.  *See* L.R. 83.04(a)(1).  Anything he says could be interpreted as falling within the rule's ambit, so CoreCivic can just file another motion to sanction him under Rule 83.04.  It doesn't need to even try to show that Mr. Horwitz speech could somehow impact proceedings because the rule makes Mr. Horwitz prove a negative.

Even beyond the CBS interview, Mr. Horwitz seeks to expedite his appeal because he's received a growing number of interview requests since the U.S. Department of Justice announced its investigation into Core Civic's Trousdale Turner facility within the Middle District of Tennessee.  Horwitz TRO Decl., R.30-2, PageID # 190.  And with a new Deputy Attorney General and U.S. Attorney poised to take over the case with the change in administration, he expects that number to grow further still.  *Id.*  A prompt resolution of his appeal would allow Mr. Horwitz to participate in the current public discussion around the issues that are central to his civil-rights litigation without fear that the court in which he practices will presume that his comments will prejudice CoreCivic, thereby subjecting himself and his clients to sanctions.

The parties already briefed Mr. Horwitz's motions for injunctive relief before the trial court dismissed his case based on its *sua sponte* standing determination.  Mr. Horwitz's First Amendment challenge is purely legal, has already been briefed extensively across seven different motions, and is suitable for expedited review.

## Conclusion

Mr. Horwitz respectfully asks this Court to review his appeal on an expedited basis.

Dated: January 21, 2025

Respectfully submitted,

/s/ Jared McClain
Jared McClain
Benjamin A. Field
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Ste. 900
Arlington, Virginia 22203
(703)682-9320
jmcclain@ij.org
bfield@ij.org

*Counsel for Daniel A. Horwitz*

## CERTIFICATE OF COMPLIANCE

This motion complies with the font-style requirements of Rule 32(a)(5)–(6) because it was prepared in a proportionally spaced typeface (Charter) and 14-point font. And it complies with Rule 27(d)(2)(A) because it contains 2,287 words.

/s/ Jared McClain
Jared McClain

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, this Motion to Expedite was served through the Court's CM/ECF system on counsel for all parties required to be served.

/s/ Jared McClain
Jared McClain

*Counsel for Plaintiff-Appellant*
