CASE NO. 25-5036

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT


DANIEL A. HORWITZ                                PETITIONER-APPELLANT

v.                                                        **ELECTRONICALLY FILED**

HON. WILLIAM L. CAMPBELL, JR.,
in his Official Capacity as Chief District Judge,
United States District Court for the
Middle District of Tennessee,
ET AL.                                                  RESPONDENTS-APPELLEES


## APPELLEES' RESPONSE IN OPPOSITION TO APPELLANT'S MOTION TO EXPEDITE APPEAL AND MOTION FOR EMERGENCY INJUNCTIVE RELIEF

Chief District Judge for the United States District Court of the Middle District of Tennessee Hon. William L. Campbell, and District Judges for the United States District Court for the Middle of District Tennessee Hon. Aleta A. Trauger, Hon. Waverly D. Crenshaw, Jr., and Hon. Eli Richardson, in their official capacities (collectively the "Defendants"), by and through counsel, respectfully respond to Daniel Horwitz's Motion to Expedite Appeal and Motion for Emergency Injunctive Relief. Because Horwitz has not suffered, and is not on the verge of suffering, any injury in fact, he lacks

1

standing to bring this action, as the district court concluded, and his motions should be denied.

## INTRODUCTION

Courts have long regulated the conduct of the lawyers who practice before them. *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1066 (1991). "Membership in the bar is a privilege burdened with conditions." *Id.* (*quoting In re Rouss*, 116 N.E. 782, 783 (N.Y. 1917) (Cardozo, J.)). Since the late 1800s, attorneys representing parties in litigation have been cautioned that they must limit their speech to protect litigants' right to a fair day in court. *Id.* The United States Supreme Court has noted the "distinction between participants in the litigation and strangers to it," and has affirmed that different First Amendment standards apply to lawyers representing parties in litigation. *Id.* at 1073-74. The United States District Court for the Middle District of Tennessee implemented Local Rule (LR) 83.04, Release of Information Concerning Civil Proceedings, under *Gentile* to protect litigants' rights to a fair adjudication.

Horwitz is a Tennessee-licensed attorney who has represented multiple clients over the last few years who have asserted claims against CoreCivic of Tennessee, LLC, a private prison contractor that houses

inmates on behalf of the State of Tennessee. (R. 1 Complaint at 8-9.) Horwitz currently has two cases pending against CoreCivic in the Middle District of Tennessee. (*Id*. at 9.)

In 2022, Horwitz was ordered under LR 83.04 to refrain from making public comment about a case he was litigating against CoreCivic after he made incendiary remarks about CoreCivic on his Twitter/X account and to news sources. That case then settled and was dismissed. A few months later, while representing a different client in a case against CoreCivic, Horwitz made additional comments about CoreCivic. CoreCivic did not file a motion under LR 83.04, and the Court did not sanction Horwitz.

In this case, Horwitz claims that LR 83.04(a)(2) violates the First Amendment. The district court dismissed Horwitz's complaint without addressing the merits because Horwitz cannot prove he has suffered an injury in fact and therefore lacks standing. Horwitz has moved this Court to expedite this appeal and rule on the merits of his case. He has not shown good cause to expedite, and certainly not to expedite the appeal of an issue the district court did not address. This Court should deny Horwitz's motion to expedite.

Horwitz also moved to enjoin the district court from enforcing LR 83.04(a)(2) while his appeal is pending. He failed to comply with Fed. R. App. P. 8 before filing his motion, which justifies denying it. Furthermore, Horwitz cannot show that he has a substantial likelihood of success on the merits because he does not have standing and because LR 83.04(a)(2) is a permissible limitation on speech. This Court should deny Horwitz's motion for injunctive relief.

## BACKGROUND

I. **In 2022, a non-Defendant magistrate judge found that Horwitz violated Local Rule 83.04's prohibition on making extrajudicial statements regarding pending cases that "have substantial likelihood of materially prejudicing an adjudicative proceeding."**

In a 2022 case against CoreCivic, Horwitz made social media posts and comments to a Nashville television station about CoreCivic and its operations and treatment of inmates. (R. 1 Complaint at 10-12); *see also Newby v. CoreCivic of Tennessee, LLC*, 3:22-cv-00093, R. 46 Memorandum of Law in Support of Defendants' Motion for Compliance with Local Rule 83.04 and to Strike at 4164-4182 (M.D. Tenn. June 10, 2022) (detailing

Horwitz's comments).[1] Horwitz made several posts on Twitter/X. He stated that "CoreCivic is a death factory," and that "[t]hey traffic in human misery." *Id.* at 4166. Additionally, Horwitz was interviewed by a Nashville television station: "'The thing you need to understand about CoreCivic is, they do not care when inmates in their custody die,' Horwitz said." *Id.* at 4165 (quoting Caresse Jackman, *News4 Investigates: Former Correctional Officer calls for increased staffing and medical care at Trousdale Turner Correctional Center*, WSMV4 (Feb. 28, 2022, 8:39 PM), https://www.wsmv.com/2022/03/01/news4-investigates-former-correctional-officer-calls-increased-staffing-medical-care-trousdale-turner-correctional-center/). "'Inmates are dying in their care who should not be! These are preventable deaths, and they would not be occurring if CoreCivic cared enough to staff its facilities. The problem is they don't!! And no one is making them!!' Horwitz said." *Id.* (quoting Caresse Jackman, *News4 Investigates: Former Correctional Officer calls for increased staffing and medical care at Trousdale Turner Correctional Center*, WSMV4 (Feb. 28, 2022, 8:39 PM), https://www.wsmv.com/2022/03/01/news4-investigates-

---

[1]     This Court may take judicial notice of court records. *Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004).

[former-correctional-officer-calls-increased-staffing-medical-care-trousdale-turner-correctional-center/](https://example.com)).

In response, CoreCivic filed a motion under LR 83.04. LR 83.04(a)(1) prohibits public comments from lawyers participating in an action that the lawyer "knows or reasonably should know will be disseminated by public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding."[2] That mirrors the standard the Supreme Court approved in *Gentile* and Rules 3.6(a) of the American Bar Association's Model Rules of Professional Conduct and the Tennessee Rules of Professional Conduct. LR 83.04(a)(2) is similar to comment 5 to ABA Model Rule 3.6 and Tennessee Rule of Professional Conduct 3.6.[3] It identifies particular topics that are likely to be materially prejudicial to a

---

[2]     *See* ABA, Rule 3.6: Trial Publicity, [https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_3_6_trial_publicity/](https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_3_6_trial_publicity/) (last accessed 1/24/2025); Tenn. Sup. Ct., R. 8, RPC 3.6: Trial Publicity (Jan. 1, 2011), [https://www.tncourts.gov/rules/supreme-court/8](https://www.tncourts.gov/rules/supreme-court/8).

[3]     ABA, Rule 3.6: Trial Publicity-Comment, [https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_3_6_trial_publicity/comment_on_rule_3_6/](https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_3_6_trial_publicity/comment_on_rule_3_6/) (last accessed 1/24/2025); Tenn. Sup. Ct., R. 8, RPC 3.6: Trial Publicity (Jan. 1, 2011), [https://www.tncourts.gov/rules/supreme-court/8](https://www.tncourts.gov/rules/supreme-court/8).

proceeding, and it clarifies that a lawyer who is participating in the proceeding and who speaks on those topics must establish that his comments do not in fact threaten a fair proceeding. CoreCivic argued that Horwitz's extrajudicial speech was substantially likely to materially prejudice the proceeding and asked the court to restrict Horwitz from public speech that would impede a fair trial. *See generally Newby*, 3:22-cv-00093, R. 46 at 4164-4182.

The parties briefed that motion, and they briefed Horwitz's countermotion requesting an order under LR 83.04(b) that affirmed his First Amendment right to speak about CoreCivic. *See Newby*, 3:22-cv-00093, R. 41 Plaintiffs' Motion for Special Order Pursuant to Local Rule 83.04(b) and Memorandum in Support; R. 44 Defendants' Response in Opposition to Plaintiffs' Motion for Special Order Pursuant to Local Rule 83.04(b); R. 46 Memorandum of Law in Support of Defendants' Motion for Compliance with Local Rule 83.04 and to Strike; R. 48 Plaintiffs' Response in Opposition to Defendants' Motion for Compliance with Local Rule 83.04 and to Strike; R. 49 Reply Brief in Support of Defendants' Motion for Compliance with Local Rule 83.04 and to Strike. The assigned magistrate judge—who is not a Defendant in the instant lawsuit—considered the arguments and

7

concluded that Horwitz violated LR 83.04: "Mr. Horwitz's comments have a substantial likelihood of materially prejudicing an adjudicative proceeding in this matter, especially interfering with a fair trial." *Newby*, 3:22-cv-00093, R. 53 Order at 4299. The magistrate judge, accordingly, ordered Horwitz not to make public comment that would interfere with a fair trial and to remove comments under his control that would have the same effect. *Id*. at 4301.

Horwitz timely requested review of the order (from District Judge Crenshaw, a Defendant herein), but ten days after Horwitz filed that motion for review, he filed a Joint Notice of Settlement and Motion to Stay all pending motions until an order of dismissal was entered. *Newby*, 3:22-cv-00093, R. 68 Joint Notice of Settlement and Motion to Stay at 4472. Soon thereafter, Horwitz filed a joint stipulation of dismissal with prejudice. *Id.*, R. 70 Joint Stipulation of Dismissal at 4475. Immediately after filing the joint stipulation, Horwitz, on his own behalf, filed a motion requesting the Court to (1) stay enforcement of the district court's order, (2) adjudicate the objections Horwitz's client raised prior to the parties' dismissal, or (3) to reverse and vacate the order. *Id.*, R. 71 Motion of Daniel A. Horwitz to: (1) Stay Enforcement of the Magistrate's July 15, 2022 Order; (2) Adjudicate the

Pending Objections to It; (3) Reverse and Vacate the Order as Unreviewable Pursuant to *United States v. Munsingwear* at 4478-79. In December 2022, the district court entered an order dismissing the case and denying any pending motions as moot. *Id.*, R. 79 Order at 4545. Therefore, Judge Crenshaw (and, for that matter, all of the other Defendant district judges in this matter) never ruled on the magistrate judge's order or otherwise enforced LR 83.04 against Horwitz in any way. Neither Horwitz nor his client sought Sixth Circuit appellate review of that order.

In 2023, several months after the Court's order in *Newby*—and after Horwitz filed a notice of dismissal of that action on behalf of his client— Horwitz posted again on Twitter/X about CoreCivic. CoreCivic provided pictures of Horwitz's posts on Twitter/X in a filing in *Tardy v. CoreCivic of Tennessee, LLC*, 3:22-cv-00681, R. 93 Defendants' Joint Response to Daniel Horwitz's Motion to Clarify that Local Rule 83.04 Does Not Prohibit Counsel from Making Extrajudicial Statements about This Action at 2903-06 (M.D. Tenn. May 30, 2023). CoreCivic did not move to enforce LR 83.04 in response to Horwitz's posts. The district court did not order Horwitz to refrain from commenting about CoreCivic.

## II.  Horwitz requested improper advisory opinions from the Court.

After *Newby*, in cases in which Horwitz represented a litigant suing CoreCivic, Horwitz began filing nearly identical motions on his own behalf, and on behalf of his clients, to "clarify that Local Rule 83.04 does not prohibit counsel from making extrajudicial statements about this action." (R. 1 Complaint at 12-18); *see, e.g., Gordon v. CoreCivic of Tennessee, LLC*, No. 3:23-cv-01195, R. 32 Memorandum of Law in Support of Daniel Horwitz's Motion to Clarify that Local Rule 83.04 Does Not Prohibit Counsel from Making Extrajudicial Statements about This Action at 184-210 (M.D. Tenn. Jan. 3, 2024). Some cases in which Horwitz filed the motions were dismissed with prejudice upon Horwitz's filing of joint stipulations before the motions were adjudicated. In January 2024, in one case, the district court (per Defendant Judge Trauger) did rule on Horwitz's motion to clarify. Specifically, the district court denied the motion in *Gordon*, explaining that Horwitz's motion made clear that he was "unhappy with how LR 83.04 was handled by another judge in another (now-settled) case brought by a different plaintiff against CoreCivic in this district." *Gordon*, No. 3:23-cv-01195, R. 40 Order at 418. The court held that issuing a "quasi-appellate, advisory opinion" about what Horwitz could say in the *Gordon*

10

case would be improper. *Id*. The court also noted that LR 83.04 "does not outright bar any party from commenting on any matter subject to pending litigation. Rather, it merely formalizes the ordinary rule, present in every case in every federal court, that a party or attorney must exercise his or her rights in a way that does not improperly interfere with ongoing judicial proceedings." *Id*. Horwitz's facial First Amendment challenge to LR 83.04 was also expressly denied, as was Horwitz's as-applied challenge. *Id*. Regarding the latter challenge, the court explained: "He asks that [LR 83.04] also be declared unconstitutional 'as applied,' but it has not been applied in this case." *Id*.

Horwitz did not seek Sixth Circuit review of that order. Instead, Horwitz, on his own behalf, filed a motion to reconsider pursuant to Federal Rule 54(b). *Gordon*, No. 3:23-cv-01195, R. 43 Motion of Daniel A. Horwitz to Reconsider This Court's Order Denying His Motion to Clarify that Local Rule 83.04 Does Not Prohibit Counsel from Making Extrajudicial Statements about This Action at 424-37. That motion was fully briefed, but in May 2024, Horwitz filed a joint stipulation of dismissal with prejudice. *Id.*, R. 48 Joint Notice of Settlement and Motion to Stay at 452.

### III. The district court dismissed Horwitz's complaint for lack of standing.

In September 2024, claiming that LR 83.04(a)(2) violates the First and Fifth Amendments, Horwitz sued Defendants for declaratory and injunctive relief. Horwitz does not allege that the Defendant judges acted against him in any way, but rather alleges only that each of them is "authorized to adopt and enforce local rules." (R. 1 Complaint at 4-5.)[4] Horwitz named the United States District Court for the Middle of District of Tennessee as a Defendant for the same reason. (*Id.* at 4.)

In response to Defendants' motion to dismiss, the district court dismissed the Middle District of Tennessee due to sovereign immunity. (R. 38 Memorandum Opinion and Order at 295.) The district court then dismissed all of Horwitz's claims against the remaining Defendants for lack of standing. (*Id.* at 297-300.) The court explained that Horwitz presented theories only of potential future injury—something that did not

---

[4]    A district court's authority to prescribe local rules is governed by both statute and the Federal Rules of Practice and Procedure. Local rules must be consistent with both Acts of Congress and the Federal Rules of Practice and Procedure and may only be prescribed after notice and an opportunity for public comment. *See* 28 U.S.C. §§ 2071(a)-(b); Fed. R. Civ. P. 83; Fed. R. Crim. P. 57.

constitute an "injury in fact." (*Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).) The court analyzed Horwitz's argument that CoreCivic could move to enforce LR 83.04(a)(2) in the future and found that was "exactly the kind of 'hypothetical' and 'conjectural' sources of injury that cannot establish Article III standing." (*Id*. at 298 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).) The court noted that Horwitz did not allege that he intended to violate LR 83.04(a)(2) and that CoreCivic has not filed any motion to enforce LR 83.04(a)(2) in the cases against CoreCivic that are pending. (*Id.* at 298.) CoreCivic has not moved against Horwitz under LR 83.04 since 2022, even after he spoke about CoreCivic in 2023.

The court then addressed Horwitz's second argument, that the court's 2022 order still chilled his speech. The Court found that the alleged "chill" was also insufficient to show injury. "[T]he fact that a harm occurred years in the past 'does nothing to establish a real and immediate threat' that it will occur in the future, as required for prospective relief." (*Id.* at 299 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 106 (1983)).) Furthermore, "mere allegations of a 'subjective chill' on protected speech" do not constitute a sufficient injury to satisfy Article III standing. (*Id.*

13

(quoting *Friends of George's, Inc. v. Mulroy*, 108 F.4th 431, 439 (6th Cir. 2024).)

## ARGUMENT

I. **THE COURT SHOULD DENY HORWITZ'S REQUEST TO EXPEDITE THE APPEAL.**

Under 6 Cir. R. 27(f), an appeal should be expedited only if the motion to expedite establishes good cause. Horwitz has not established good cause to expedite this appeal, and his motion should be denied.

Horwitz's first argument for expediting his appeal is that LR 83.04(a)(2) restricts his speech. Even if that is true, LR 83.04(a)(2) has been part of the Middle District of Tennessee's local rules for years. Starting in May of 2023, Horwitz sought advisory opinions about this rule and haltingly challenged its constitutionality. *Tardy*, 3:22-cv-00681, R. 91 Memorandum of Law in Support of Daniel Horwitz's Motion to Clarify that Local Rule 83.04 Does Not Prohibit Counsel from Making Extrajudicial Statements about This Action at 2594-2618. But he waited until September 2024 to file this action. Horwitz did not act expeditiously in filing his suit to challenge this local rule, so there is no reason to expedite the appeal. *See*

*Fouts v. Warren City Council*, 2023 WL 6467366, 2023 U.S. App. LEXIS 26448, at *3-4 (6th Cir. Oct. 4, 2023).

Horwitz's second argument in favor of expediting is that CBS News, and perhaps others, have asked to interview him. CBS News asked Horwitz to conduct an interview between December 13—December 20. (*See* Plaintiff-Appellant's Motion for Emergency Injunctive Relief, Doc. No. 7-5 at 19.) Horwitz has not provided evidence that CBS News still wants to interview him. And in any event, LR 83.04(a)(2) does not prohibit Horwitz from being interviewed by CBS News or any other news outlet. Moreover, Horwitz's prior conduct undermines his argument that "he can never discuss his cases without fear he'll face another enforcement proceeding." (Plaintiff-Appellant's Motion to Expedite, Doc. No. 8 at 4.) The facts show that he does not have such a fear—at least, not one that categorically stops him from commenting publicly regarding CoreCivic. Months after the Court's order in *Newby*, Horwitz posted on Twitter/X again about CoreCivic. *Tardy*, 3:22-cv-00681, R. 93 Defendants' Joint Response to Daniel Horwitz's Motion to Clarify that Local Rule 83.04 Does Not Prohibit Counsel from Making Extrajudicial Statements about This Action at 2903-06. CoreCivic did not move to enforce LR 83.04 in response to Horwitz's

posts. Horwitz's conduct shows that at times he will speak, and that at other times he will claim he is still subject to a gag order (and/or too fearful to speak).

Horwitz has not shown good cause to expedite this appeal. It should proceed in the normal course.

## II.    THE COURT SHOULD DENY HORWITZ'S REQUEST FOR EMERGENCY INJUNCTIVE RELIEF.

### A. Horwitz did not comply with the requirements of Fed. R. App. 8(a).

Fed. R. App. P. 8(a)(1), (2) requires a party seeking an injunction pending appeal to either first seek that relief from the district court or to explain in the motion for injunctive relief that "moving first in the district court would be impracticable" or that the relief was requested from the district court but not provided. Horwitz did neither. He did not comply with Rule 8(c)'s requirement to "give reasonable notice of the motion to all parties" either. Horwitz provided no notice that he was filing this motion. Failure to comply with Rule 8's requirements is a sufficient basis to deny the motion for injunctive relief. *Black Farmers Agriculturists Ass'n v. Vilsack*, 2024 U.S. App. LEXIS 25759, at *2 (6th Cir. Oct. 11, 2024) (citations omitted). But even if the motion for injunctive relief is not denied on that basis, the

lack of compliance weighs in favor of denying this motion. *Pleasant-Bey v. Tenn. Dep't of Corr.*, 2018 U.S. App. LEXIS 26395, at *2 (6th Cir. Sept. 17, 2018).

## B. Legal standards governing Horwitz's motion for emergency injunctive relief.

Horwitz's request for an injunction is an extraordinary remedy that should be granted only if he can show likelihood of success on the merits, irreparable injury, that the balance of equities favors his position, and that an injunction is in the public interest. *Sisters for Life, Inc. v. Louisville-Jefferson Cnty.*, 56 F.4th 400, 403 (6th Cir. 2022). Here, Horwitz must show, first, that he has a substantial likelihood of proving standing. Only if he clears that hurdle should this Court consider the likelihood of success on his substantive claim. "Put simply, 'a party who fails to show a substantial likelihood of standing is not entitled to a preliminary injunction.'" *Waskul v. Washtenaw Cty. Cmty. Mental Health*, 900 F.3d 250, 256 n.4 (6th Cir. 2018) (quoting *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015) (internal quotation marks omitted)).

A second prerequisite for Horwitz to obtain injunctive relief is that he show "actual and imminent harm rather than harm that is speculative and

unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). "If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief now as opposed to at the end of the lawsuit." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019). If irreparable injury is established, then the remaining preliminary injunction factors should be considered. *Id.* at 326-27.

Horwitz cannot show substantial likelihood of success or irreparable injury. Furthermore, the balance of equities and the public interest favor denying Horwitz's motion for emergency injunction.

### C. Horwitz cannot show a substantial likelihood of success on the merits.

#### 1. Horwitz does not have standing.

Before Horwitz can prevail on his motion for injunction on the merits, he must prove that this Court has authority to reach the merits. *Waskul*, 900 F.3d at 256 n.4 (citations omitted). The district court correctly concluded that Horwitz lacks standing because he has not been injured.

To prove standing, Horwitz must show that he "(1) suffered an injury in fact, (2) that is traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo,*

*Inc. v. Robins*, 578 U.S. 330, 338 (2016). A plaintiff claiming injury prior to enforcement, like Horwitz, must prove that he intends "to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 537 U.S. 149, 159 (2014). Horwitz cannot bear his burden and show either a constitutional problem or an injury in fact.

First, Horwitz cannot show that there is a constitutional problem with LR 83.04. The Supreme Court has held that limits can be placed on attorney speech, consistent with the First Amendment. *Gentile*, 501 U.S. at 1072. The Supreme Court affirmed that "the 'substantial likelihood of material prejudice' standard constitutes a constitutionally permissible balance between the First Amendment rights of attorneys in pending cases and the State's interest in fair trials." *Id*. at 1075. To the extent that Horwitz wants to speak about CoreCivic and not materially prejudice the proceeding—as he says he intends to—then LR 83.04 does not bar him from speaking. And to the extent that Horwitz wants to speak so that he would materially prejudice the proceeding, then his speech is not protected and LR 83.04(a)(1) and LR 83.04(a)(2)'s prohibitions are constitutional. *See*

19

*Friends of George*, 108 F.4th at 438-39.

Second, "[F]ear of a future harm is not an injury unless the future harm is 'certainly impending.'" *Buchholz v. Tanick*, 946 F.3d 855, 865 (6th Cir. 2020) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013)). An anticipated injury is "an 'injury' that is rarely cognizable." *Id*. Relevant factors in determining whether an unrealized fear of prosecution constitutes an injury in fact include: (1) whether the plaintiff or others have been sanctioned under the challenged rule; (2) whether warning letters have been sent regarding the specific conduct; (3) whether the challenged rule includes a provision that makes enforcement easier, like allowing the public to initiate enforcement; and (4) whether enforcement of the rule has been disavowed. *Friends of George*, 108 F.4th at 439.

Horwitz claims that if he speaks, CoreCivic will move to enforce LR 83.04 like it did in *Newby*: "The last time Mr. Horwitz publicized his cases against CoreCivic, the company enforced LR 83.04, and the court entered a gag order." (Plaintiff-Appellant's Motion for Emergency Injunctive Relief, DN 7-1 at 14.) Horwitz does not disclose to this Court that he spoke about CoreCivic after *Newby* was dismissed, commenting that CoreCivic facilities were "severely understaffed" and that CoreCivic often submitted reports

to the state that were "materially inaccurate," yet CoreCivic did not move to enforce LR 83.04. *Tardy*, 3:22-cv-00681, R. 93 Defendants' Joint Response to Daniel Horwitz's Motion to Clarify that Local Rule 83.04 Does Not Prohibit Counsel from Making Extrajudicial Statements about This Action at 2903-06. Further undermining Horwitz's argument is the district court's order in *Gordon* that specifically explained that Horwitz was not gagged and was free to speak, so long as he did not violate the generally applicable rule against prejudicing ongoing proceedings. *Gordon*, 3:23-cv-1195, R. 40 Order at 418. The scant history of enforcement also reveals that there is no "certainly impending" harm. LR 83.04 was supposedly invoked in three cases over the last three years. It has not been invoked in thousands of other civil cases in the Middle District of Tennessee.

Horwitz also argues that his sanction in *Newby* in 2022 constitutes a "warning letter." The magistrate judge's order in *Newby* was issued because Horwitz called CoreCivic, among other things, a "death factory." The magistrate judge concluded that Horwitz's comments violated LR 83.04 because they had "a substantial likelihood of materially prejudicing an adjudicative proceeding in this matter." *Newby*, 3:22-cv-93, R. 53 Order at 4299. Importantly, the magistrate judge did not rely on the presumption

or the burden switching in LR 83.04(a)(2). *See id*. at 4293-4301. And, as noted above, none of the Defendant judges relied on those either, or indeed addressed in any way the magistrate judge's order. Since *Newby*, Horwitz has not received any warnings regarding his speech, even though he spoke about CoreCivic while the *Tardy* action was pending. And in *Gordon*, the district court explained that Horwitz was not prohibited from speaking about CoreCivic. *Gordon*, 3:23-cv-1195, R. 40 Order at 418. The district court denied Horwitz's as-applied constitutional challenge because that rule "has not been applied in this case." *Id*.

As to the third factor, enforcement, CoreCivic can complain about Horwitz's speech, but only the district court can enforce LR 83.04. If a party sought to invoke LR 83.04 as a litigation tactic, the district court could take action against that party. Thus, there is no merit to Horwitz's argument that LR 83.04 "incentivizes frivolous complaints" and allows parties to strategically use LR 83.04 to silence their opposition. (Plaintiff-Appellant's Motion for Emergency Injunctive Relief, Doc. No. 7-1 at 16.)

Finally, although Defendants have not disavowed enforcing LR 83.04(a)(2), neither have they threatened Horwitz with enforcement. Indeed, the district court in *Gordon* explained to Horwitz that "LR 83.04 has

not been applied in this case." *Gordon*, 3:23-cv-1195, R. 40 Order at 418. The

court stated an obvious principle: the order issued in *Newby* was not

applicable in other cases. *See id*. The court in *Gordon* further explained that

Horwitz's challenge to LR 83.04 was an improper request for a "quasi-

appellate, advisory opinion" and emphasized that LR 83.04 "does not

outright bar any party from commenting on any matter subject to pending

litigation." *Id*.

Ultimately, those four factors are guideposts. *Christian Healthcare*

*Ctrs. Inc. v. Nessel*, 117 F.4th 826, 848 (6th Cir. 2024) (citations omitted). The

salient question is whether a plaintiff has "a credible fear of enforcement."

*Id*. Horwitz spoke in the past about CoreCivic and sanctions were not

sought or imposed. Horwitz's prior conduct and his promise in his

declaration that he would "not say anything that was substantially likely to

materially prejudice proceedings in my ongoing cases against CoreCivic"

during his interview with CBS News or any other news source (R. 30-2

Declaration of Daniel A. Horwitz in Support of Plaintiff's Renewed Motion

for Temporary Restraining Order & Renewed Motion for Preliminary

Injunction at 190) undermines his argument that "he can never discuss his

cases without fear he'll face another enforcement proceeding" (Plaintiff-Appellant's Motion to Expedite, DN 8 at 4).

"[A] plaintiff cannot create an injury by taking precautionary measures against a speculative fear." *Buchholz*, 946 F.3d at 865. Horwitz is doing precisely that by purportedly censoring himself by refraining from speaking with CBS News or posting on Twitter/X. But he can speak to CBS News. He can post on Twitter/X about CoreCivic. Horwitz cannot establish an injury in fact, so he does not have a substantial likelihood of showing he has standing to assert his claims.

## 2. LR 83.04(a)(2) is constitutional.

In *Gentile*, the Supreme Court overturned the discipline a state bar association imposed on a lawyer, holing that a part of the applicable regulation, which does not exist in the Middle District of Tennessee's Local Rules, was unconstitutionally vague. 501 U.S. at 1048. The Supreme Court, however, did not take issue with the state bar association's rule that identified speech topics that "ordinarily" prejudice proceedings. *Id.* at 1061.[5] The list of topics in LR 83.04(a)(2)(A)-(D) is similar to the topics listed

---

[5]     Horwitz's argument is meritless that Defendants improperly cited the dissent in *Gentile* for support. [R. 7-1 at 11.] Defendants cited to the

x

cases without fear he'll face another enforcement proceeding" (Plaintiff-Appellant's Motion to Expedite, DN 8 at 4).

"[A] plaintiff cannot create an injury by taking precautionary measures against a speculative fear." *Buchholz*, 946 F.3d at 865. Horwitz is doing precisely that by purportedly censoring himself by refraining from speaking with CBS News or posting on Twitter/X. But he can speak to CBS News. He can post on Twitter/X about CoreCivic. Horwitz cannot establish an injury in fact, so he does not have a substantial likelihood of showing he has standing to assert his claims.

## 2. LR 83.04(a)(2) is constitutional.

In *Gentile*, the Supreme Court overturned the discipline a state bar association imposed on a lawyer, holing that a part of the applicable regulation, which does not exist in the Middle District of Tennessee's Local Rules, was unconstitutionally vague. 501 U.S. at 1048. The Supreme Court, however, did not take issue with the state bar association's rule that identified speech topics that "ordinarily" prejudice proceedings. *Id.* at 1061.[5] The list of topics in LR 83.04(a)(2)(A)-(D) is similar to the topics listed

---

[5]     Horwitz's argument is meritless that Defendants improperly cited the dissent in *Gentile* for support. [R. 7-1 at 11.] Defendants cited to the

in the rules that were at issue in *Gentile*: "the character, credibility, reputation, or criminal record of a party"; "the identity or nature of physical evidence expected to be presented"; "expected testimony of a party or witness"; and "information the lawyer knows or reasonably should know is likely to be inadmissible as evidence at trial and would if disclosed create a substantial risk of prejudicing an impartial party." *Gentile*, 501 U.S. at 1061.

Those same topics are identified as topics that "are more likely than not to have a material prejudicial effect on a proceeding" in the comments to ABA Model Rule 3.6 and Tennessee Rule of Professional Conduct 3.6. That same "more likely than not" standard is in LR 83.04(a)(2). And with regard to LR 83.04(a)(2)'s allocation of the burden of proof on the speaker to show speech on the listed topics was not prejudicial, the Supreme Court did not address that kind of burden in *Gentile*. But the Supreme Court held that the First Amendment allows for greater regulation of the speech of lawyers in litigation than it does of others. *Gentile*, 501 U.S. at 1069-75.

_____

appendix to the Court's opinion. That appendix was cited in the dissent for reference, but Defendants' argument is correct: the Supreme Court did not opine on the bar association's guidance that speech on topics like those listed in LR 83.04(a)(2) ordinarily prejudices a proceeding.

Horwitz has failed to show that allocating to the speaker the burden to show that comments by the speaker that are identified in LR 83.04(a)(2) as likely prejudicial (as LR 83.04(a)(2) does) conflicts with the Supreme Court's perspective on regulation of attorney speech.

### D. Horwitz will not suffer irreparable injury absent a TRO.

It is clear from Horwitz's Declaration that his principal concern is not any prospective action by the *Defendants*, but rather actions *CoreCivic* potentially *might* take *if* in the view of CoreCivic, he makes offending extrajudicial statements. For example:

- "If it were not for Local Rule 83.04, the Middle District's past enforcement of that rule against me **and CoreCivic's willingness to invoke the rule against me again,** I would have immediately accepted the interview request from CBS News." (R. 30-2 Declaration of Daniel A. Horwitz in Support of Plaintiff's Renewed Motion for Temporary Restraining Order & Renewed Motion for Preliminary Injunction at 190, ¶ 6 (emphasis added).)

- "I could not agree to participate in the interview **out of fear that CoreCivic would once again invoke Rule 83.04** in my cases currently pending in the Middle District." (*Id.*, ¶ 7 (emphasis added).)

- "I cannot freely speak about my cases against CoreCivic without enduring the likely enforcement proceedings **that CoreCivic will bring** against me in

response to my public comments." (*Id.*, ¶ 12 (emphasis added).)

- "I have every reason to believe that CoreCivic will continue to rely on Rule 83.04(a)(2)'s presumptions of prejudice and burden-shifting provision so long as those provisions remain in effect." (*Id.*, ¶ 14.)

All CoreCivic can do is ask the *district court* to find a violation of those rules and enforce them accordingly; CoreCivic of course cannot itself enforce those rules. Certainly, if Horwitz were to accept an interview and make statements CoreCivic found offensive, CoreCivic *might* file a motion for relief pursuant to LR 83.04. However, as with any such motion, Horwitz would have an opportunity to respond, and only after consideration of the record *in that case* by the presiding judge, would a decision be made regarding the propriety of enforcement. It is not a foregone conclusion, as Horwitz suggests, that any particular district court judge would find in CoreCivic's favor (based on whatever the applicable circumstances are) simply because one magistrate judge did so in 2022 (under the particular circumstances that were applicable there). *See Newby*, 3:22-cv-00093, R. 53 Order at 4299.

Horwitz claims he has been "under the constant threat of further enforcement under the rule" since the order in *Newby* in 2022. (R. 30-1

Plaintiff's Memorandum of Law in Support of a Temporary Restraining Order & Renewed Motion for Preliminary Injunction at 180.) But he cannot identify any threat by any Defendant, because there have been none. He is not under any more of a threat than any other lawyer who litigates in the Middle District of Tennessee, as the court explained in its order in the *Gordon* case. No. 3:23-cv-01195, R. 40 Order at 418. Furthermore, while LR 83.04(a)(1) and (a)(2) were both cited in the order in *Newby*, the magistrate judge did not base his holding on a presumption or failure of Horwitz to carry his burden as set out in LR 83.04(a)(2). Rather, the magistrate judge (who, again, is not a Defendant herein) concluded that Horwitz violated the standard in LR 83.04(a)(1), which the Supreme Court approved in *Gentile*: "The Court finds that Mr. Horowitz's comments have a substantial likelihood of materially prejudicing an adjudicative proceeding in this matter." *Newby*, 3:22-cv-00093, R. 53 Order 4299. Consequently, Horwitz's requested remedy, declaring LR 83.04(a)(2) unconstitutional, would not cure his claimed harm, as Magistrate Judge Frensley's sanction against him was imposed pursuant to LR 83.04(a)(1).[6]

---

[6]    The district court incorrectly cited LR 83.04(a)(2) as the basis for the order in *Newby*. (R. 38 Order at 292) The magistrate judge's order in *Newby*

### E. Issuance of the temporary restraining order would harm others.

Horwitz wants LR 83.04(a)(2) to be stricken so he can speak freely about CoreCivic and his pending cases. (R. 30-1 Plaintiff's Memorandum of Law in Support of a Temporary Restraining Order & Renewed Motion for Preliminary Injunction at 180, 182.) Horwitz acknowledges that CoreCivic has previously sought to enforce LR 83.04, which evidences its interest in what Horwitz has to say. (*Id.* at 180.) But CoreCivic is not a party to this action. If Horwitz's motion is granted, CoreCivic's interests may be impacted, and it would be deprived of the opportunity to respond. This fact, too, weighs in favor of denying Horwitz's motion.

### F. The public interest would not be served by granting Horwitz's motion.

"Where an important public interest would be prejudiced [by the grant of a requested injunction], the reasons for denying the injunction may be compelling." *Harrisonville v. W.S. Dickey Clay Mfg. Co.*, 289 U.S. 334, 338 (1933). "[A]s officers of the court, court personnel and attorneys have a fiduciary responsibility not to engage in public debate that will redound to

---

quoted only from LR 83.04(a)(1) when it concluded that Horwitz violated that rule.

the detriment of the accused or that will obstruct the fair administration of justice." *Gentile*, 501 U.S. at 1074 (quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 601 n.27 (1976) (Brennan, J. concurring)). "Because lawyers have special access to information through discovery and client communications, their extrajudicial statements pose a threat to the fairness of a pending proceeding since lawyers' statements are likely to be received as especially authoritative." *Id.* (citations omitted). LR 83.04(a)(2) is a mechanism by which the Middle District of Tennessee provides guidance to attorneys about how to avoid prejudicial extrajudicial speech. The public interest is served when measures are in place that prevent a party from being prejudiced by extrajudicial comments. *See Gentile*, 501 U.S. at 1072 (quoting *Sheppard v. Maxwell*, 384 U.S. at 333, 363 (1966)).

## CONCLUSION

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Horwitz has not presented facts that clearly demonstrate he is entitled to the extraordinary remedy he seeks. Consequently, the Court should deny Horwitz's motions.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*/s/ Timothy D. Thompson*
Timothy D. Thompson
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
Phone: (502) 582-6238
Timothy.thompson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2025, the foregoing response was electronically filed with the clerk of the court by using the CM/ECF system, which automatically provides notice to all counsel of record:

Jared McClain
Benjamin A. Field
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Ste. 900
Arlington, VA 22203
Phone: (703) 682-9320
jmcclain@ij.org
bfield@ij.org

Braden H. Boucek
SOUTHEASTERN LEGAL FOUNDATION
560 W. Crossville Road, Ste. 104
Roswell, GA 30075
Phone: (770) 977-2131
bboucek@southeasternlegal.org

*/s/ Timothy D. Thompson*
Timothy D. Thompson
Assistant United States Attorney