No. 25-5036

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

DANIEL A. HORWITZ,

*Plaintiff-Appellant,*

v.

U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, *ET AL.*,

*Defendants-Appellees.*

*On Appeal from the United States District Court for the
Middle District of Tennessee, No. 3:24-cv-1180*

**PLAINTIFF-APPELLANT'S
OPPOSITION TO A BRIEFING EXTENSION**

Jared McClain
Benjamin A. Field
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Ste. 900
Arlington, Virginia 22203
(703)682-9320
jmcclain@ij.org
bfield@ij.org

*Counsel for Plaintiff-Appellant*

Appellant Daniel Horwitz respectfully asks this Court to deny the Judicial Defendants' request to delay this appeal's expedited schedule—at least unless they are first enjoined from enforcing their unconstitutional trial-publicity rule.

This appeal was expedited because the Middle District of Tennessee's unconstitutional trial-publicity rule has been restricting Mr. Horwitz's speech *for years*. Mr. Horwitz has a pending invitation to discuss his cases with a national news broadcaster but cannot do so until he obtains injunctive relief in this case. Despite this ongoing injury, the Judicial Defendants now ask to delay briefing because they are proposing changes to the challenged rule—even though they still refuse to disavow enforcement of the version they plan to amend. Mr. Horwitz told the Judicial Defendants that he would agree to an extension if they would agree to an injunction pending appeal. But they refused.

The Judicial Defendants should not be allowed to delay this appeal while they continue to violate the First Amendment. It would be a grave injustice to delay consideration of Mr. Horwitz's First Amendment challenge while the unconstitutional rule remains in effect. An extension of time will mean—at a minimum—another month during which Mr. Horwitz's rights are injured irreparably. This Court should deny the extension.

## Background

### A. Rule 83.04 is continually & irreparably injuring Mr. Horwitz

Middle District of Tennessee Rule 83.04(a)(2) creates a presumption that anything an attorney says about four broad categories of content will materially

prejudice proceedings, and it requires him to avoid discussing those subjects unless he affirmatively proves otherwise. No reasonable attorney can be sure what he can freely say about his cases. If he discusses the evidence in his cases *or* things that *can't* be evidence in his cases, an opposing party can demand his silence based on the rule's presumption of prejudice. This enforcement mechanism is a powerful tool for government-affiliated parties to silence disfavored speech. By merely invoking the rule, an opposing party with no evidence of prejudice can once again force Mr. Horwitz to prove his speech is harmless. That threat chills his speech.

The rule's presumption against free speech and its unique burden-shifting violate the First Amendment. To satisfy strict scrutiny, a party seeking to censor an attorney must put forward real evidence that a comment is substantially likely to materially prejudice proceedings, *and* relief must be limited to the least-restrictive means of avoiding that prejudice. *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1075–76 (1991) (substantially-likely-to-materially-prejudice-proceedings test for attorney speech satisfies strict scrutiny because it's "narrowly tailored"); *Edenfield v. Fane*, 507 U.S. 761, 770–71 (1993) (party seeking to censor speech "must demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree"); *United States v. Ford*, 830 F.2d 596, 600 (6th Cir. 1987) (movant must have evidence of a "specific, not general" harm). Because Rule 83.04(a)(2) flips that standard, it can never be applied lawfully. *Ashcroft v. ACLU,* 542 U.S. 656, 660, 666 (2004)

2

(First Amendment "demands" that courts presume speech restrictions are invalid unless the proponent of censorship justifies a restriction).

As a civil-rights attorney practicing in the Middle District, Mr. Horwitz's First Amendment rights are injured irreparably each day that Rule 83.04's unconstitutional features remain in effect. *See, e.g.*, *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 408 (6th Cir. 2022) ("'The loss of First Amendment freedoms, for even minimal periods of time,' amounts to irreparable injury." (quoting *Roman Catholic Diocese v. Cuomo*, 592 U.S. 14, 19 (2020) (per curiam))). The Middle District has already enforced Rule 83.04(a)(2) against Mr. Horwitz, ordered him to delete his public statements about his cases, and threatened him with contempt if he publicizes his litigation again. That threat of further enforcement is exacerbated because CoreCivic, the party that successfully used Rule 83.04 to gag Mr. Horwitz once already, has reiterated that it will rely on Rule 83.04 to silence Mr. Horwitz if he publicizes his cases again. This imminent threat of enforcement and prior threat of being held in contempt prevent Mr. Horwitz from discussing his cases without fear of another enforcement proceeding at which he bears the burden of proof, in violation of his First Amendment rights. That's a concrete constitutional injury from which Mr. Horwitz needs injunctive relief.

But for the threat of further enforcement under Rule 83.04(a)(2)'s unconstitutional procedures, Mr. Horwitz would accept a pending interview request from CBS News to discuss his litigation against CoreCivic. Horwitz PI

Decl., R.22, PageID # 149. He would also use traditional and social media to inform the public about his cases—just like he did until the court enforced the rule to gag him. *Id.* But he's had to severely restrict discussion of his cases under the current threat of enforcement. *Id.*

### B. Mr. Horwitz has been trying to prevent Rule 83.04(a)(2)'s enforcement for almost three years

On July 15, 2022, the district court granted CoreCivic's motion to gag Mr. Horwitz pursuant to Rule 83.04. *Newby v. CoreCivic of Tennessee, LLC*, No. 22-cv-00093, R.53. In compliance with the gag order, Mr. Horwitz deleted dozens of statements about CoreCivic from his social media. Horwitz PI Decl., R. 21-2, PageID # 149. Mr. Horwitz's motions to challenge the gag order remained pending for five months until the underlying case settled, at which point the district court dismissed his First Amendment challenges as moot. No. 22-cv-00093, R.59, R.71.

By then, Mr. Horwitz had been gagged for nearly five months and had already filed another case against CoreCivic in the Middle District, *Tardy v. CoreCivic of Tennessee, LLC*, No. 22-cv-00681. So, on May 12, 2023, Mr. Horwitz filed a motion challenging Rule 83.04 in *Tardy*. CoreCivic opposed, arguing that Mr. Horwitz's public commentary constitutes "inadmissible opinion testimony." No. 22-cv-00681, R.93, PageID # 2915. The issue remained pending for four months, until the Middle District transferred the case to the Western District. *Tardy*, No. 22-cv-00681, R.100. The Western District

4

dismissed Mr. Horwitz's motion as moot because that court does not have a rule prohibiting extrajudicial speech. *See Tardy*, No. 23-cv-01202, R.114 (W.D. Tenn.).

Mr. Horwitz then began filing similar motions to speak in his next three cases against CoreCivic,[1] which opposed each attempt. The Middle District ruled on Mr. Horwitz's motions in only one of those three cases, and even then, the court never issued a final order. *See Gordon*, No. 23-cv-01195, R.40. The court in *Gordon* initially held that Rule 83.04 was facially valid, and that Mr. Horwitz lacked standing for an as-applied challenge. *Id.* at PageID # 418. Citing its general power to "restrict the free expression" of attorneys, the court rejected Mr. Horwitz's challenge without explaining how the rule's presumptions and burden-shifting could satisfy First Amendment scrutiny. *Id.* Mr. Horwitz promptly filed a motion for reconsideration. No. 23-cv-01195, R.43. And although the court ordered CoreCivic to respond, the motion remained pending for four months until *Gordon* also settled, mooting yet another motion to speak.

After five unsuccessful attempts to obtain relief within his ongoing cases, Mr. Horwitz sued the Judicial Defendants on October 1, 2024, to enjoin the rule's enforcement. He moved for a preliminary injunction and then a motion to expedite the Court's consideration of his preliminary injunction or for a temporary restraining order. R.21, R.30.

---

[1] *Gordon v. CoreCivic of Tenn., LLC*, No. 23-cv-01195, R.31; *Buchard v. CoreCivic of Tenn., LLC*, No. 23-cv-00455, R.16; *Shaw v. CoreCivic of Tenn., LLC*, No. 24-cv-00681, R.8.

There was additional urgency because CBS News requested to interview Mr. Horwitz about his cases against CoreCivic. *See* Email from CBS News, R.30-4. Media requests for Mr. Horwitz to discuss his cases have increased since August 20, 2024, when the U.S. Department of Justice opened an investigation into Trousdale Turner, a CoreCivic facility in the Middle District. Horwitz PI Decl., R. 21-2, PageID # 149. But Mr. Horwitz cannot participate in these interviews and share his clients' stories, as the First Amendment ensures, because the district court presumes his speech is sanctionable. Any interview Mr. Horwitz gives about his cases is likely to touch on the content categories proscribed by Rule 83.04: the evidence in his cases, things that can't be admitted as evidence in his cases, and the character of CoreCivic and its employees, some of whom could be witnesses. *See* L.R. 83.04(a)(2). Consequently, Mr. Horwitz declined the CBS request pending an injunction. Horwitz TRO Decl., R.30-2, PageID # 190–91.

The parties completed briefing on Mr. Horwitz's motions for injunctive relief on January 2. Twelve days later, the district court dismissed the case. Opinion, R.38 at PageID # 297. The court ruled *sua sponte* that Mr. Horwitz lacked standing because he "does not allege an intention to … violate" the rule and there are not "pending motions … that seek to enforce" the rule against him. *Id.* at 298–99. As a result, the court denied his pending motions for injunctive relief. *Id.* at 300.

Mr. Horwitz filed this timely appeal the next day. He then filed two motions: one to expedite the appeal and one for an injunction pending appeal. On February 14, the Court granted in part Mr. Horwitz's motion to expedite the appeal, ordering that the case be submitted at the earliest practicable date that the court's schedule will permit. Order, Feb. 14, 2025. Then, on March 24, the Court denied Mr. Horwitz's injunction on procedural grounds. The Court ruled that Mr. Horwitz had to first seek relief in the district court because the court's ruling that it lacked subject-matter jurisdiction did not make it "impracticable" under Fed. R. App. P. 8(a)(2)(A)(i). Order, Mar. 24, 2025.

Following this Court's procedural denial, Mr. Horwitz went back to the district court and sought an injunction pending appeal on April 8. The Judicial Defendants noted their opposition to Mr. Horwitz's motion, which remains pending with the district court.

### C. The "Daniel Horwitz" Amendments to Rule 83.04

On April 11, three days after opposing Mr. Horwitz's request for injunctive relief, the Judicial Defendants published a notice revealing proposed amendments to Rule 83.04. The proposed rule begins with a declaration that echoes the warning from Mr. Horwitz's gag order: "Lawyers should try matters in the court, not in the media." *In Re: Amendments to Local Rules*, TNMD Admin. Order 199 (signed Apr. 10, 2025), at 11. *Cf. Newby* Gag Order, 22-cv-00093, R.53, PageID # 4297 ("Trials are meant to occur in the courtroom, not the media."). The proposed rule eliminates one of the rule's four vague categories of speech and it

7

rewords the explicit burden-shifting presumption so that certain categories of speech are now "ordinarily" prejudicial instead of "presumptively" prejudicial. Admin. Order 199 at 11.

The notice of rulemaking opened a public-comment period until May 1. The Judicial Defendants will then take at least two weeks to consider the public comments before they decide whether to rework the proposed rule or let it take effect. The soonest a new rule would take effect is May 15 at 5:00 p.m., the evening before briefing is scheduled to conclude in this appeal.

## Discussion

Mr. Horwitz agrees that the parties will need to address any amendment's impact on this case if a new rule becomes final while this appeal is pending. That is not, however, a reason to delay this expedited appeal. Mr. Horwitz has been trying for almost three years to get a ruling to protect his First Amendment rights. He's been silenced that whole time by the threat of contempt and the Judicial Defendants' refusal to disavow further enforcement. Even just last week, when Mr. Horwitz conferred with the government over his motion for an injunction pending appeal, the Judicial Defendants would not agree to stop enforcing the rule's unconstitutional features. Then, just two days later, they proposed amendments to those very features—not enough to cure the First Amendment problems with the rule, but enough to give the suggestion of mootness.

Mr. Horwitz told the Judicial Defendants' appellate counsel that he would oppose their briefing extension unless the judges changed their position on an injunction pending appeal. But they would not relent. In other words, the Judicial Defendants are willing to scrap their rule's explicit unconstitutional burden-shifting and one of its vague categories of speech come May, but they are not willing to relieve Mr. Horwitz from those unconstitutional features *today* so that he can pick up his phone and call CBS News. Mem. i/s/o Inj. Pending Appeal, R.43-1, PageID # 311.

To make things worse, the nature of the rulemaking process leaves uncertain whether the rule will even take effect in its proposed form, let alone how long further revisions might take. All we know for sure is that the *current* rule will remain in effect for at least another month, violating Mr. Horwitz's rights each and every day.

And after all that, the proposed amendments are not likely to moot this case. Voluntary cessation is "a formidable burden." *FBI v. Fikre*, 601 U.S. 234, 241 (2024) (cleaned up). The Judicial Defendants are unlikely to carry that burden here because their proposed rule still flouts the strict-scrutiny standard required to censor attorney speech. *See Gentile*, 501 U.S. at 1075–76. For one, the proposed rule's enumeration of categories that will "ordinarily" (rather than "presumptively") prejudice proceedings only confuses the burden of proof. *See* Admin. Order 199, at 11. To add to the uncertainty, the categories of "ordinarily" prejudicial speech are still unconstitutionally vague. No reasonable

attorney can discern what speech is covered by the rule. And whenever in doubt, the rule's opening declaration instructs attorneys to err on the side of silence because the Judicial Defendants' explicit policy is that "[l]awyers should try matters in the court, not the media." Especially given the Middle District's history of enforcing Rule 83.04 unconstitutionally, there is substantial reason to doubt that this proposed version of the rule would be applied with any more respect for attorney speech than the present version. When even the proposed amendments are insufficient to save the rule from First Amendment scrutiny, there is no reason to delay briefing.

## Conclusion

The Middle District of Tennessee has in place and is currently enforcing a rule that restricts the free speech of Mr. Horwitz and every other attorney who practices in that court. Mr. Horwitz asks that this Court allow briefing to continue, at least until Mr. Horwitz's speech rights are protected by an injunction pending appeal or the Judicial Defendants unambiguously disavow enforcement of the current version of their unconstitutional local rule.

Dated: April 16, 2025                                   Respectfully submitted,

/s/ Jared McClain
Jared McClain
Benjamin A. Field
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Ste. 900
Arlington, Virginia 22203
(703)682-9320

jmcclain@ij.org  
bfield@ij.org  
*Counsel for Daniel A. Horwitz*

## CERTIFICATE OF COMPLIANCE

This response complies with the font-style requirements of Rule 32(a)(5)–(6) because it was prepared in Charter, a proportionally spaced typeface, and 14-point font. And it complies with Rule 27(d)(2)(A) because it has 2,411 words.

/s/ Jared McClain
Jared McClain

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025, this Opposition to a Briefing Extension was served through the Court's CM/ECF system on counsel for all parties required to be served.

/s/ Jared McClain
Jared McClain

*Counsel for Plaintiff-Appellant*
