No. 25-5036

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

DANIEL A. HORWITZ,

*Plaintiff-Appellant,*

v.

U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, *ET AL.*,

*Defendants-Appellees.*

*On Appeal from the United States District Court for the
Middle District of Tennessee, No. 3:24-cv-1180*

## PLAINTIFF-APPELLANT'S
## MOTION TO VACATE JUDGMENT BELOW AND
## TO REMAND WITH DIRECTION TO DISMISS AS MOOT

Jared McClain
Benjamin A. Field
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Ste. 900
Arlington, Virginia 22203
(703)682-9320
jmcclain@ij.org
bfield@ij.org

*Counsel for Plaintiff-Appellant*

Appellant Daniel Horwitz notifies this Court that the Judicial Defendants have rescinded the portions of Local Rule 83.04 challenged in this lawsuit. As a result of the Judicial Defendants' unilateral action, the case is now moot. Accordingly, Mr. Horwitz respectfully asks that this Court vacate the district court's judgment and remand with instructions to dismiss the case.

## I. The Judicial Defendants' Repeal of the Challenged Provisions Moots this Lawsuit

On September 30, 2024, after two years of repeated and consistent efforts to challenge Local Rule 83.04's speech restrictions in his ongoing litigation in the Middle District, Mr. Horwitz sued the court's district judges to enjoin their enforcement of the rule. Specifically, Mr. Horwitz challenged Rule 83.04(a)(2), which created four vague categories of speech that the Middle District treated as presumptively prejudicial unless the speaker could prove that his speech was *not* prejudicial. *See* Opening Br. 36–51; Compl., R.1, PageID# 3, 28–34.

In addition to the First Amendment problems with Rule 83.04(a)(2), the lawsuit raised important questions about when and how an attorney can challenge the local rules of a district court where he practices.

The district court dismissed Mr. Horwitz's lawsuit on January 14, 2025, ruling *sua sponte* that Mr. Horwitz lacked standing to challenge the rule even though the court had previously applied the rule to gag Mr. Horwitz's speech, and even though the rule still bound Mr. Horwitz in his ongoing litigation in the Middle District. Op. & Order, R.38, PageID # 297–300. Mr. Horwitz filed an

1

appeal the next day challenging the district court's standing decision and its denial of preliminary injunctive relief.

After Mr. Horwitz filed his opening brief with this Court, however, the district court announced the Judicial Defendants' intent to amend the challenged rule. *See* TNMD Admin. Order 199 (Apr. 10, 2025). Then, on May 15, the Judicial Defendants formally revised Rule 83.04 to repeal Subsection (a)(2) entirely—including the vague categories of presumptively prejudicial speech and the unconstitutional burden-shifting provision that Mr. Horwitz challenged in this lawsuit. The rule now simply says that attorneys must abide by Tennessee's Rules of Professional Conduct. Because Mr. Horwitz's lawsuit sought only a declaration that the now-repealed provisions were unconstitutional and an injunction against their continued enforcement, this case is now moot.

## II.   This Court Should Vacate the Decision Below

Through their unilateral action, the Judicial Defendants mooted this case by repealing the challenged rule while the parties were briefing Mr. Horwitz's appeal. In these circumstances, "the established practice"—known colloquially as *Munsingwear* vacatur—is to "vacate the judgment below and remand with a direction to dismiss." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (cleaned up) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)).

Vacatur "ensure[s] that a losing party's right of appellate review is not frustrated by circumstances out of that party's control." *United States v. City of*

2

*Detroit*, 401 F.3d 448, 452 (6th Cir. 2005) (citation omitted). "That is particularly so … when 'mootness results from unilateral action of the party who prevailed below.'" *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 716–17 (6th Cir. 2011) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994)). The vacatur decision is an equitable one, "informed almost entirely, if not entirely, by the twin considerations of fault and public interest." *Ford v. Wilder*, 469 F.3d 500, 505–06 (6th Cir. 2006) (cleaned up). Both considerations counsel in favor of vacatur here.

*First*, the Judicial Defendants' repeal of the challenged portions of Rule 83.04 mooted this case. Importantly, "fault" is not an inquiry into motive or ill intent. It does not matter whether the Judicial Defendants amended the rule *for the purpose* of mooting this case. *See Stewart v. Blackwell*, 473 F.3d 692, 693–94 (6th Cir. 2007). Whatever the motivation, the amendments were the Judicial Defendants' unilateral decision and "in no way render [Mr. Horwitz] responsible for the current posture of the case." *Id.* at 693.

*Second*, the public interest favors vacatur. There is little precedent nationwide concerning when an attorney can challenge the local rules of a district court in which he practices. *See* Mem. i/s/o PI, R.21-1, Page ID # 127 n.2 (noting limited examples dating back to 1979). The decision below misapplied settled law to make it nearly impossible for Mr. Horwitz to challenge a local rule that restricted his out-of-court speech. While the underlying dispute is now moot, the district court's justiciability decision retains both preclusive

3

effect on Mr. Horwitz and persuasive weight for other litigants searching for precedent in these unusual circumstances of an attorney suing the judges of a federal court for injunctive relief against a local rule. *See* 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4436 (3d ed. May 2025 update) (explaining that justiciability decisions, such as standing, ripeness, and mootness, "preclude relitigation" of those "issue[s] of justiciability actually determined" even though they are not rulings on the merits).

## Conclusion

Because the Judicial Defendants repealed the challenged portion of Rule 83.04 while this case was on appeal and because the public interest favors vacatur, Mr. Horwitz respectfully asks this Court to vacate the district court's judgment and remand with instructions to dismiss the case as moot.

Dated: May 27, 2025                    Respectfully submitted,

/s/ Jared McClain
Jared McClain
Benjamin A. Field
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Ste. 900
Arlington, Virginia 22203
(703)682-9320
jmcclain@ij.org
bfield@ij.org
*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

4

This response complies with the font-style requirements of Rule 32(a)(5)–(6) because it was prepared in Charter, a proportionally spaced typeface, and 14-point font. And it complies with Rule 27(d)(2)(A) because it has 879 words.

/s/ Jared McClain
Jared McClain

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, this Motion to Dismiss Appeal & Vacate the Decision Below was served through the Court's CM/ECF system on counsel for all parties required to be served.

/s/ Jared McClain
Jared McClain

*Counsel for Plaintiff-Appellant*

5